VIK CHAUDHRY, SBN 273952
VC LAW GROUP, LLP
6540 Lusk Blvd., Suite C219
San Diego, CA 92121
Telephone: (858) 519-7333
Fax: (858) 408-3910
Email: vik@thevclawgroup.com

Proposed Bankruptcy Counsel for
Debtor and Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>BULL TACO, LLC<br><br>　　　Debtor and<br>　　　Debtor-In-Possession. | Case No.   17-04535-CL11<br><br>Chapter 11<br><br>**FIRST DAY MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND RELATED RELIEF**<br><br>Date:<br>Time:<br>Dept.:  5, Room 318<br>Judge:  Hon. Christopher B. Latham |

**TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

　　Bull Taco, LLC (the "Debtor" or "Debtor-In-Possession") hereby moves this Court for the entry of an interim order pursuant to 11 U.S.C. §§ 361 and 363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure: (a) authorizing the Debtor to use cash collateral pursuant to the Bankruptcy Code (the "Code"); (b) approving the form of adequate protection provided to the Debtor's secured lenders pursuant to the Code; (c) scheduling a final hearing on the Motion to consider entry of a final cash collateral order; and (d) granting related relief (this "Motion").

## INTRODUCTION

The Debtor's Motion seeks the entry of an interim order, substantially in the form attached hereto as **Exhibit A** (the "Interim Order") (a) authorizing the Debtor's use of cash collateral on an interim basis pending a final hearing on the Motion (the "Final Hearing"); (b) approving the form of adequate protection to the Debtor's prepetition secured lenders (the "Secured Lenders"); (c) prescribing the form and manner of notice and setting the time for the Final Hearing; and (d) granting related relief.

The Debtor is a restaurant operating out of two locations: (i) 2050 S. Coast Hwy. 101, Cardiff, CA 92007; and (ii) 101 North Coast Hwy. 101, Encinitas, CA 92024. Its membership interests are owned wholly by Greg Lukasiewicz ("Mr. Lukasiewicz").

The Debtor's use of cash collateral is necessary in order to maintain the present value and condition of the bankruptcy estate, as the Debtor must make ongoing payments to sustain its business and pay its employees. Any inability to use such funds during the its chapter 11 case could essentially shut down the business of the Debtor and make reorganization impossible, all while burdening and decreasing the value of the Debtor's bankruptcy estate.

## PRE-PETITION EFFORTS TO RESOLVE CASH COLLATERAL ISSUES

Prior to the filing of the Bankruptcy Case, the Debtor and its counsel spent considerable time and effort ensuring that all cash collateral issues would be resolved with little issue. The first step in this endeavor was to completely identify all potential secured creditors with interests in the Debtor's cash collateral. This search yielded four results: (i) Sysco San Diego, Inc. ("Sysco"), via UCC filed February 23, 2012; (ii) Jamroc, Inc. ("Jamroc"), via UCC filed January 9, 2014; (iii) Prosperity, via UCC filed April 1, 2014; and (iv) Strategic Funding Source, Inc. ("Strategic"), via UCC filed April 27, 2015. A discussion of the efforts to resolve cash collateral issues with those creditors is as follows:

On June 29, 2017, Vik Chaudhry, Debtor's proposed counsel ("Chaudhry"), spoke to Lorraine Bryant at Sysco and confirmed with her that Sysco's UCC had expired and that no money was currently owed. As a result, Sysco would not be objecting to the Debtor's use of cash collateral and would not requiring any adequate protection.

Debtor's principal, Mr. Lukasiewicz, has had discussions with David DaCosta, Chief Executive Officer of Jamroc. Mr. Lukasiewicz has confirmed that Mr. DaCosta would not oppose Debtor's use of cash collateral or require any adequate protection with said use.

Both Chaudhry and Debtor's professional accountant, Angelia Dimattia ("Ms. Dimattia") have attempted to speak with a representative of Prosperity regarding its UCC filing. However, after such attempts, which were not successful, Debtor does believe that Prosperity is no longer in business and thus is not in any position to oppose use of cash collateral or request adequate protection.

On June 28, 2017, Chaudhry attempted to contact a representative of Strategic in order to resolve any cash collateral issues which would occur upon the filing of the Debtor's Chapter 11 case. He was later contacted by Benjamin and Williams Credit Investigators, servicing the account for Strategic. Chaudhry notified that office that a Chapter 11 petition would be filed shortly and requesting an adequate protection payment structure for use of the Debtor's cash collateral. It was agreed on or around July 12, 2017 that the Debtor would pay the sum of $50.00/day upon entry of the Court order authorizing the Debtor's use of cash collateral in exchange for that payment.

### COMPLIANCE WITH BANKRUPTCY RULE 4001(b)

Pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information regarding the secured interests on its cash and the following relevant provisions of the Interim Order are as follows:

| TERM | DESCRIPTION |
|---|---|
| Names of Each Entity with Interest in Debtor's Cash Collateral (collectively referred to as the "Secured Lenders") | (i) **Sysco San Diego, Inc.,** evidenced by UCC Document number 32156040002516036800002<br><br>(ii) **Jamrock, Inc.,** as evidenced by UCC Document number 41143740002<br><br>(iii) **Prosperity,** as evidenced by UCC Document number 42370190002<br><br>(iv) **Strategic Funding Source, Inc.,** as evidenced by UCC Document number 48526900002 |
| Use of Cash Collateral | The Debtor respectfully requests authority to use cash collateral to pay the expenses set forth in the budget attached hereto as **Exhibit B** (the "Budget"), subject to certain variances as set forth in paragraph 2 of the Interim Order. |
| Termination Date | Subject to entry of a Final Order, the Interim Order shall be in effect until two days after the date of the Final Hearing. |
| Adequate Protection | The Debtor proposes to offer adequate protection to Strategic in the amount of $50.00 per day (or any other similar terms as the Court requires. Debtor does not believe that any other adequate protection is required from the other Secured Lenders for the reasons stated above. |

## JURISDICTION

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157(b)(2)(M) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion in this district is property under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

By this Motion, the Debtor seeks entry of an Interim Cash Collateral Order granting the following relief, without limitation: (a) authorizing the Debtor to use Cash Collateral pursuant to Sections 361 and 363 of the Code; (b) approving the form of adequate protection provided to the Secured Lenders; (c) scheduling a Final Hearing on this Motion to consider entry of a final Cash Collateral Order; and (d) granting related relief.

## BACKGROUND

The Debtor is a California limited liability company wholly owned by Mr. Lukasiewicz. The Debtor operates restaurants out of two locations and serves primarily Mexican food.

In its normal course of business, the Debtor requires cash on hand and cash flow from its income and accounts receivable in order to make payments for necessary expenses and compensate its employees. These expenses are for food and produce, payroll, advertising, sales tax payments, utilities, and other various expenses required for the operation of a successful restaurant. Any inability to utilize cash collateral would result in an inability for the Debtor to essentially continue its ongoing business operations.

## REQUEST FOR USE OF CASH COLLATERAL

Attached hereto **Exhibit B** is a budget containing the expenses for which the Debtor seeks to use cash collateral (the "Budget"). An inability for the Debtor to use its incoming receipts and cash would essentially shut down the Debtor's business and make reorganization impossible. As such, it is essential for the Debtor to have use of its cash collateral.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Debtor's use of property of its estate is governed by Section 363 of the Code, which provides, in relevant part:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without a notice or a hearing, and may use property of the estate in the ordinary course of business without a notice or hearing.

11 U.S.C. §363(c)(1).

"In many chapter 11 cases, use of cash collateral is vital to a successful reorganization." In re Proalert, LLC, 314 B.R. 436, 442 (B.A.P. 9th Cir. 2004).

The Court is permitted to authorize the use of cash collateral pursuant to Section 363(c)(2), which states, in relevant part:

> The [debtor] may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –
> (A)  Each entity that has an interest in such cash collateral consents; or
> (B)  The court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. §363(c)(2).

Section 363(e) of the Code requires that the debtor adequately protect the secured creditors' interest in property to be used by a debtor against any diminution in value of such interest resulting from the debtor's use of the property during the chapter 11 case. Section 363(e), in relevant part, states:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the [debtor], the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest…

11 U.S.C. §363(e).

In a hearing on a motion to use cash collateral, the chapter 11 debtor-in-possession has the burden of proof on the issue of adequate protection. See In re Potvin Lumber Co., Inc., 24 B.R. 54 (Bankr. D. Vt. 1982). Adequate protection may consist of cash payments or replacement liens. See In re Las Vegas Monorail Co., 429 B.R. 317 (Bankr. Nev. 2010). Section 361 of the Code contemplates periodic cash payments to the extent that an entity's interest in property decreases in value as it is utilized by the bankruptcy estate. See In re Sheehan, 38 B.R. 859, 864 (Bankr. S.D. 1984).

Periodic cash payments are what the Debtor proposes here for adequate protection of Strategic in the amount of $50.00 per day, or any other similar term or duration for which the Court requires. For the reasons stated above, the other secured creditors will not require any adequate protection or are anticipated to object in any way to the Debtor's request to use its cash collateral.

The Debtor and its counsel have put forth significant time and energy resolving these issues prior to the filing of this case.

### REQUEST FOR FINAL HEARING

Pursuant to Section 363(c)(3) of the Code, this Motion may be scheduled by the Court in connection with the needs of the Debtor and may be either a preliminary hearing or a final hearing. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that this Court schedule a final hearing on this Motion for use of cash collateral as soon as practicable at the convenience of the Court, but not earlier than fifteen (15) days after this preliminary hearing and not later than forty-five (45) days following the entry of the Interim Cash Collateral Order, and fix the time and date prior to the Final hearing for parties to file objections to the Motion.

### NOTICE OF THIS MOTION IS ADEQUATE

A copy of this Motion will be served by the Debtor pursuant to the Court's order approving hearing on an expedited basis, on:

1. The Office of the United States Trustee;
2. The twenty largest unsecured creditors of the Debtor;
3. All Secured Lenders listed above; and
4. Any party requesting special notice.

No Creditors Committee has yet been appointed in the Debtor's case under Section 1102 of the Code. As a result, the Debtor feels that notice to the above parties is sufficient under the circumstances.

### I.   CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) granting this Motion in its entirety; (b) authorizing the Debtor to use Cash Collateral pursuant to Sections 361 and 363 of the Bankruptcy Code; (c) approving the form of adequate protection provided to the Secured

Lenders; (d) scheduling a Final Hearing on this Motion to consider entry of a final cash collateral order; and (e) granting such other and further relief as this Court deems just and appropriate.

Dated: July 31, 2017

          VC Law Group, LLP

By: /s/ Vik Chaudhry
Vik Chaudhry,
(Proposed) Bankruptcy Counsel
for Debtor and
Debtor-In-Possession